SMULSKI *v*. THE AUSTIN COMPANY.

[No. 16,295. Filed November 29, 1938.]

2

*J. A. Meade* and *Andrew B. Chrustowski,* for appellant.

*Henry L. Humrichouser,* for appellee.

DUDINE, J.—This is an appeal from an award of the Industrial Board which denied appellant compensation.

On review the full Industrial Board, by a majority of its members, found among other facts "that on or about January 16, 1938, plaintiff (appellant) was in the employ of defendant (appellee) . . .; that on April 20, 1938, plaintiff became totally disabled and is so disabled at the time of this hearing. (July 27, 1938.)

"And the full Industrial Board further finds by a majority of its members that the disability of the plaintiff is due to disease and is not directly or indirectly the result of any accidental injury arising out of and in the course of his employment with the defendant."

The error assigned on appeal is that the award is contrary to law.

There is evidence in the record which shows that on January 18, 1938, and for an indefinite time previous thereto, appellant was employed by appellee as a laborer. On that date he was engaged in "puddling" concrete. His work required that he stand in wet concrete. He was wearing rubber boots which were furnished him by appellee. The boots leaked and consequently appellant's feet got wet and remained wet while working. Appellant had had a cold previous to that date, and suffered from the cold that day and the next day. He felt worse the next day but finished his day's work. On January 20th about nine o'clock A. M., while wheeling a wheelbarrow load of wet concrete, appellant stumbled. The wheelbarrow swayed and as appellant testified, "something cracked" in his back. His back pained him so that he could not continue his work. At about 10:00

A. M. he reported the matter to his foreman and the foreman authorized him to go home. He went home and remained bedfast at home until February 10th, about three weeks, when on advice of a doctor he was taken to a hospital, where he remained until April 1, 1938, about seven weeks. While at home he was treated for nephritis. While at the hospital he was treated for nephritis and athlete's foot disease. On advice of his physician he returned to the hospital on May 4th for treatments for athlete's foot disease. Appellant was totally disabled on account of athlete's foot disease when the hearing was had.

The description of the accident and cause of injury contained in the application for compensation, as amended, is as follows: "On January 18th the ██ plaintiff was required to wear boots that leaked while working with concrete, causing his feet to become wet so that he contracted a severe cold and that on the morning of January 20th, 1938, while wheeling concrete in a wheelbarrow, the wheelbarrow swayed and in straightening same out, he slipped and wrenched and twisted his back, causing severe pain which has continued to date."

It is apparent from the record that the Industrial Board has not determined the question whether or not appellant suffered an accidental injury to his back which was compensable. It is clear that the application for compensation alleged such an injury.

The Industrial Board did determine that appellant was totally disabled by a disease, and that said disability is not the result of an accidental injury arising out of and in the course of the employment. The transcript indicates clearly that the disease referred to by the Industrial Board is the athlete's foot disease. There is ample evidence in the record to sustain the decision of

the Industrial Board on those questions, and its decision in that regard is not contrary the law.

The award is reversed with instructions that the Industrial Board grant a rehearing of this cause with reference to the alleged injury to appellant's back and the alleged disability resulting therefrom; that reasonable opportunity be given to the parties to present additional evidence on said question, and that the Industrial Board make a finding and award as to such claimed disability.